JS-6

FILED
CLERK, U.S. DISTRICT COURT
OCT 28, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAYA VILLAS LLC,<br><br>Plaintiff,<br><br>v.<br><br>D1 READY, LLC, a California Limited Liability Company, and Does 1 to 5,<br><br>Defendants. | Case No. CV 16-07838-VAP (RAOx)<br><br>**ORDER REMANDING ACTION, DENYING REQUEST TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO REMAND AS MOOT, AND DENYING EX PARTE APPLICATION TO SHORTEN TIME AS MOOT** |

## I.  FACTUAL BACKGROUND

On August 29, 2016, Plaintiff Playa Villas LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against D1 Ready, LLC, and Does 1 to 5 (collectively, "Defendants"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Prejudgment Claim of Right to Possession, and Answer, Dkt. No. 1.) Plaintiff alleges that it is the owner of certain real property located in Los Angeles, California ("the property"). (Compl., ¶¶ 1, 3, 4.) Plaintiff further alleges that Defendants are tenants of the property and owe past-due rent. (*See id.*, ¶¶ 6, 10, 17.)

1    On October 20, 2016, Defendant Kenneth Taylor (hereinafter, "Defendant Taylor") filed a Notice of Removal, invoking the Court's federal question and diversity jurisdiction. (Removal at ¶¶ 5-6.) In addition, Defendant Taylor filed a request to proceed in forma pauperis. (Dkt. No. 3.)

On October 25, 2016, Plaintiff filed a Motion to Remand (Dkt. No. 7) and an Ex Parte Application to Shorten Time for Hearing on Motion to Remand (Dkt. No. 8).

After reviewing the Notice of Removal and the accompanying documents, the Court determines that it lacks subject matter jurisdiction over this matter.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

The Court's review of the Notice of Removal and the attached documents makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. *See* 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

///

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only an unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant Taylor's contention that federal question jurisdiction exists because he believes he will "be denied due process because the Superior Court for Los Angeles County will ignore any evidence" he presents regarding the validity of the sale of the property at issue. (Removal at ¶ 11.) It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430. Further, Defendant Taylor's claim that his due process rights will be violated by the Superior Court's unlawful detainer procedures does not transform a state law cause of action into a federal claim. *See First Federal Bank of California v. Lim*, No. C 10-03199 HRL, 2010 WL 2991244, *1 (N.D. Cal. July 29, 2010) (allegation that unlawful detainer action in state court violates defendant's Fifth Amendment due process rights fails to support the assertion that an unlawful detainer action arises under federal law).

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l*

*Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

### III.
### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

It IS FURTHER ORDERED that Plaintiff's Motion to Remand and Ex Parte Application to Shorten Time are DENIED as moot.

IT IS SO ORDERED.

DATED: October 28, 2016

_____
VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE